# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL WINDHAM, JR.,

    Plaintiff,

v.

C. WOFFORD, et al.,

    Defendants.

No. 2:18-CV-2656-WBS-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for a preliminary injunction (ECF No. 11).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

    Here, Plaintiff seeks an order preventing him from being transferred to any other facility during the pendency of this litigation. Specifically, Plaintiff asserts that he has been transferred multiple times inappropriately and unnecessarily and that these transfers are causing him added injury as he is a burn victim with skin grafts on 75 percent of his body. After reviewing the motion the Court finds injunctive relief is not warranted here.

    This motion seeks similar relief as Plaintiff's complaint. Plaintiff's complaint contains twelve claims, of which, only two are capable of passing the screening stage. The Court notes here that it is not clear that either of the two claims capable of passing screening have any likelihood of success on the merits. Additionally, because the remaining ten claims cannot pass screening, they have no likelihood of success on the merits. For this reason, Plaintiff cannot show that he has any likelihood of success on the merits at this time. Further, there is insufficient evidence for this Court to conclude that Plaintiff will suffer irreparable harm if this injunction is not issued. Though Plaintiff does assert these transfers have a negative effect on his treatment there is no information or evidence to support this contention. Given the deficiencies in Plaintiff's complaint and the lack of evidence establishing irreparable harm, this Court finds Plaintiff has failed to establish the necessary elements for injunctive relief.

    Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 11) be denied.

///

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 13, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE